UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,
                    Appellee,

v.                                                    Appeal No. 25-3573

LAMONICA MCIVER,
                    Appellant.

REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS PART OF THIS APPEAL.

Please accept this reply four hours out of time in further support of the United States' motion to dismiss this interlocutory appeal in part. In her opposition to that motion ("Opp."), Congresswoman LaMonica McIver does not ask this Court to exercise mandamus jurisdiction over any aspect of her interlocutory appeal. Instead, she argues that the denial of the Selective and Vindictive Prosecution Motion is appealable under the collateral order and pendent appellate jurisdiction doctrines. She is wrong in both respects.

1.    Congresswoman McIver cites only one case—*United States v. P.H.E., Inc.*, 965 F. 2d 848, 855 (10th Cir. 1992)—even allowing the denial of a First Amendment retaliation claim to be appealed under the collateral order doctrine in a criminal case. Opp. at 11–12.[1]  But the very Circuit that issued

---

[1]  Congresswoman McIver's other First Amendment cases addressing orders entered before final judgment involve the Supreme Court's review of state court decisions or a third party's challenge to a discovery order. Opp. at 3, 11; *see Fort Wayne Books v. Indiana*, 489 U.S. 46, 54–46 (1989) (Supreme Court's jurisdictional statutes); *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 476–487

that divided panel opinion has "long recognized" *P.H.E., Inc.* "is perhaps unique, permitting as it did an interlocutory appeal only in light of" an extraordinary "confluence of factors." *United States v. Wampler*, 624 F.3d 1330, 1340 (1st Cir. 2010) (Gorsuch, J.) (cleaned up). The "government had previously pursued multiple prosecutions against the defendant in question." *Id.* There "was substantial evidence the prosecutions had been undertaken in bad faith." *Id.* And "the apparent purpose and effect of the multiple prosecutions were to act as a prior restraint on the defendant's protected First Amendment publishing activities." *Id.* "All of these conditions" were "essential predicates to the" interlocutory review that *P.H.E., Inc.* had allowed. *Wampler*, 624 F.3d at 1340. "None, however, is present in this case." *Id.*

Congresswoman McIver also ignores the *P.H.E., Inc.* dissent, which maintained that the collateral order doctrine shouldn't apply even in the extraordinary circumstances of that case, given *United States v. Hollywood Motor Car Co.*, 458 U.S. 263 (1982), and *United States v. Butterworth*, 693 F.2d 99 (9th Cir.1982). *See P.H.E., Inc.*, 965 F.2d at 861–62 (McWilliams, J., dissenting). That dissent has all but carried the day in the Tenth Circuit, with good reason. *See Wampler*, 624 F.3d at 1340; *United States v. Quaintance*, 523 F.3d 1144, 1147 (10th Cir.2008); *United States v. Ambort*, 193 F.3d 1169, 1172 (10th Cir.1999). The Supreme Court has "consistently eschewed a case-by-case approach to

---

(1975) (same); *Whole Women's Health v. Smith*, 896 F.3d 362, 367–69 (5th Cir. 2018) (third-party challenge). Those cases have no bearing here.

deciding whether an order is sufficiently collateral" to justify an interlocutory appeal. *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 206 (1999).

Moreover, in *Butterworth*, the defendants tried to appeal an interlocutory order denying their motions to dismiss their indictments on the grounds that they had been targeted for prosecution solely because of their union activities and that the indictments therefore violated their First Amendment rights. *Butterworth*, 693 F.2d at 100. Relying on *Hollywood Motor Car*, the Ninth Circuit dismissed the appeal for lack of jurisdiction. *See Butterworth*, 693 F.2d at 101 ("This appeal is consequently controlled by *Hollywood Motor Car*, and must be dismissed.). But Congresswoman McIver doesn't even acknowledge *Butterworth*, let alone distinguish it.

Thus, "to the extent" Congresswoman McIver "wish[es] to argue that a First Amendment defense precludes" her "prosecution," this Court should "hold it is a matter" this Court "may resolve after—but only after—a final judgment." *Wampler*, 624 F.3d at 1340. Congresswoman McIver cannot gainsay that the Government may prosecute those who assault federal law enforcement officers. "The right" she asserts "is merely to have the charges against [her] dismissed if" she demonstrates "the government impermissibly targeted [her] for prosecution because" she "exercised [her] First Amendment rights." *Butterworth*, 693 F.2d at 101. That "right may be vindicated in an appeal from the final judgment." *Id.*[2]

---

[2] The same goes for the denial of Congresswoman McIver's motion for discovery, Opp. 10, which she can raise in an appeal from a final judgment if

2.    Congresswoman McIver's arguments about pendent appellate jurisdiction fare no better. Although she repeatedly invokes *United States v. Menendez*, 831 F.3d 155 (3d Cir. 2016), Opp. at 19–20, 23–24, she overlooks what happened in that appeal. Invoking the pendent appellate jurisdiction doctrine, then-Senator Robert Menendez urged this Court to review the denial of his First Amendment-based motion to dismiss his indictment. *See* Exhibit A at 4–10; Exhibit B at 2–4. In so doing, Menendez made the same arguments about judicial efficiency and the separation of powers that Congresswoman McIver makes now to justify allowing her to raise in this appeal her First Amendment claims. This Court nonetheless precluded Menendez from raising his First Amendment claims in his interlocutory appeal. *See* Exhibit C.

Although Congresswoman McIver would prefer otherwise, Opp. at 12, 20, this Court has never endorsed the Second Circuit's suggestion that "a Member of Congress should be entitled to pre-trial review of the denial of any legal claim that could be readily resolved before trial and would, if upheld, prevent trial or conviction on a pending indictment." *United States v. Myer*, 635 F.2d 932, 935 (2d Cir. 1980). To the contrary, time and again this Court has emphasized that "[t]he doctrine of pendent jurisdiction is indisputably narrow and should be used sparingly." *Griswold v. Coventry First LLC*, 762 F.3d 264,

---

convicted, *United States v. Washington*, 869 F.3d 193, 213–233 (3d Cir. 2017). *See, e.g.*, *Barrick Group, Inc. v. Mosse*, 849 F.2d 70, 72 (2d Cir. 1988) ("Generally, orders denying or compelling discovery are non-appealable, for the reason that decisions relating to discovery issues normally can be reviewed effectively on appeals from final judgments.").

269 (3d Cir. 2014) (cleaned up); *see, e.g.*, *Siemens USA Holdings Inc. v. Geisenberger*, 17 F.4th 393, 411 (3d Cir. 2021); *United States v. Brace*, 1 F.4th 137, 142 (3d Cir. 2021); *O'Hanlon v. Uber Techs., Inc.*, 990 F.3d 757, 765 (3d Cir. 2021); *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 130 (3d Cir. 2018); *Invista S.A.R.L. v. Rhodia, S.A.*, 625 F.3d 75, 88 (3d Cir. 2010).

For these reasons and those the United States previously advanced, this Court should dismiss this appeal in part and limit the appeal to the denial of the Legislative Immunity Motion. The United States greatly appreciates this Court's consideration.

Respectfully submitted,

TODD BLANCHE
U.S. DEPUTY ATTORNEY GENERAL

JORDAN FOX
CHIEF OF STAFF & DEPUTY ASSOCIATE
  ATTORNEY GENERAL
SPECIAL ATTORNEY

Mark E. Coyne
Supervisory Assistant U.S. Attorney
Chief, Appeals Division
(973) 297-2002

Dated: February 26, 2026

EXHIBIT A

No. 15-3459

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

UNITED STATES V. ROBERT MENENDEZ

_____

Appeal from the United States District Court
for the District of New Jersey

_____

MOTION OF SENATOR MENENDEZ FOR
ADDITIONAL WORDS IN HIS OPENING AND REPLY BRIEFS

_____

Abbe David Lowell
Christopher D. Man
Jenny R. Kramer
Scott W. Coyle
**CHADBOURNE & PARKE LLP**
1200 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 974-5600

Stephen M. Ryan
**McDERMOTT WILL & EMERY LLP**
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Raymond M. Brown
**GREENBAUM ROWE SMITH & DAVIS LLP**
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095
(732) 476-3280

*Counsel for Appellant Senator Robert Menendez*

## INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 27, Senator Robert Menendez seeks permission to file an opening brief that has up to 30,000 words, and a reply brief of 15,000 words. This case will require briefing on numerous substantial legal questions that cannot adequately be addressed by the normal word limit. The issues to be presented on appeal have unusual significance to Senator Menendez and whether the case filed against him can continue (and if so in what form). In addition, they are important to addressing the proper scope for maintaining the system of separation of powers between the branches of government established by the Constitution.[1]

## ARGUMENT

Senator Menendez filed fourteen motions to dismiss on July 20, 2015. (Dkts. 47-61; see also Dkt. 64 (Defendant Dr. Melgen filed one additional motion to dismiss for a total of fifteen cumulative motions to dismiss).)[2] The district court

---

[1] The Court has not yet set a briefing schedule for this appeal. Given the number of issues to address and the interest of *amici* participation, Senator Menendez requests that his opening brief not be made due until late December. The district has stated that it did not expect, under all the circumstances of various levels of appeal that might occur and what would be a lengthy jury selection process if the case went forward, that the case would be tried before the summer or early fall of 2016.

[2] "Dkt" refers to the docket of the district court.

decided those motions through multiple orders issued on September 28, 2015
(Dkts. 117-26) and on October 8, 2015 (Dkts. 129-32).  Senator Menendez filed
timely notices of appeal to each of those orders on October 9, 2015.  (Dkt. 133.)

## I.   THE COURT HAS JURISDICTION OVER AN INTERLOCUTORY APPEAL

Several of Senator Menendez's motions raise constitutional issues under the
Speech or Debate Clause and they are, therefore, immediately appealable.  See,
e.g., Flanagan v. United States, 465 U.S. 259, 266 (1984) ("Orders denying
motions to dismiss an indictment on double jeopardy or Speech or Debate grounds
are likewise immediately appealable.  Such orders finally resolve issues that are
separate from guilt or innocence, and appellate review must occur before trial to be
fully effective."); Helstoski v. Meanor, 442 U.S. 500, 506-08 (1979); United States
v. McDade, 28 F.3d 283, 286 (3d Cir. 1994).  Similarly, Senator Menendez has
appealed the district court's denial of his motion to dismiss Count 22 (alleging the
filing of false financial disclosures with the Senate) on separation of powers
grounds.  (Dkts. 117 & 118.)  As with Speech or Debate Clause motions, the denial
of motions to dismiss grounded in separation of powers are immediately
appealable.  See, e.g., United States v. Rose, 28 F.3d 181, 185-86 (D.C. Cir. 1994);
United States v. Claiborne, 7272 F.2d 842, 844 (9th Cir. 1984); United States v.
Hastings, 681 F.2d 706, 708-09 (11th Cir. 1982); United States v. Myers, 635 F.2d
923, 935 (2d Cir. 1980); see also United States v. Levine, 658 F.2d 113, 125 (3d

Cir. 1981) (noting <u>Myers</u> permitted interlocutory appeal of separation of powers claims).  The D.C. Circuit has held a Senator has the right to an interlocutory appeal on a separation of powers claim very similar to this one.  <u>United States v. Durenberger</u>, 48 F.3d 1239, 1242-43 (D.C. Cir. 1995) (hearing claim that Judicial Branch would overstep separation of powers by resolving ambiguity in Senate Rules).

The interlocutory appeal challenging Count 22 on separation of powers grounds also makes threshold jurisdictional issues, including proper venue, appropriate for consideration on appeal.  <u>See, e.g.</u>, <u>Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.</u>, 651 F.2d 877, 879 (3d Cir. 1981) (taking interlocutory appeal on the issuance of an injunction, but deciding "threshold inquiry" of personal jurisdiction first), <u>aff'd sub nom.</u> <u>Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinea</u>, 456 U.S. 694 (1982); <u>Barber-Greene Co. v. Blaw-Knox Co.</u>, 239 F.2d 774, 776 (6th Cir. 1957) (Stewart, J.) (venue is appropriate to review in appeal of an interlocutory order); <u>see also</u> <u>Timpanganos Tribe v. Conway</u>, 286 F.3d 1195, 1201 (10th Cir. 2002) (explaining Courts of Appeals must address jurisdictional challenges as part of its review of a collateral

order).[3]  Under the law, because Count 22 charges a false filing (by way of omission) with respect to a form that must be filed in the Senate, the venue for any such crime lies exclusively in Washington, D.C.  Consequently, it is appropriate for this Court to address the issue of venue, as that would allow the Court to avoid having to decide the constitutional separation of powers issues.  See, e.g., Harris v. McRae, 448 U.S. 297, 306-07 (1980) (courts should attempt to decide cases on non-constitutional grounds before reaching constitutional issues); Ashwander v. TVA, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring); United States v. Serafini, 167 F.3d 812, 815 n.7 (3d Cir. 1999) ("Longstanding practice calls for federal judges to explore all non-constitutional grounds of decision before addressing constitutional ones.") (quoting United States v. Bloom, 149 F.3d 649, 653 (7th Cir. 1998)).

## II.   THE SCOPE OF THIS APPEAL IS BROAD

The Court's jurisdiction to exercise pendent appellate jurisdiction over any question of law is at its zenith in this case, given the serious separation of powers issues that arise whenever a Member of Congress is indicted by the Executive

---

[3]     Alternatively, Senator Menendez requested in his notice of appeal (Dkt. 133) that this Court consider his venue challenge as a petition for a writ of mandamus. See, e.g., In re United States, 273 F.3d 380, 385 (3d Cir. 2001) (issuing writ of mandamus to reverse a transfer of venue); Jerome v. Smithkline Beckman Corp., 842 F.2d 208, 209-10 (8th Cir. 1988) (challenge to venue can be heard on mandamus).

Branch, to stand trial before the Judicial Branch, and Speech or Debate Clause

concerns are raised as the foundation for the appeal.  Perhaps the leading treatise

on jurisdiction explains that there should be no doubt about a Court of Appeals'

interlocutory appellate jurisdiction in such a case.

> The only question that remains for the lower courts is the scope of
> review.  Since there will be very few defendants who can advance a
> colorable Speech or Debate Clause defense, and since there is a real
> need to protect separation of powers values by protecting members of
> Congress, more issues should be open on appeal than are permitted on
> double jeopardy appeals.[4]

Wright, Miller, et al., 15B F. Prac. & P. § 3918.5 (2d ed. 2015)

The Second Circuit has explained: "[A] Member of Congress should be

entitled to pre-trial review of the denial of any legal claim that could be readily

resolved before trial and would, if upheld, prevent trial or conviction on a pending

---

[4]    The Supreme Court recognized the right to take an interlocutory appeal of
the denial of a double jeopardy defense in Abney v. United States, 431 U.S. 651
(1977), but it declined to exercise pendent jurisdiction over other claims that were
unrelated to the double jeopardy defense in that case.  As the U.S. Department of
Justice advised this Court, some courts "misapply Abney" by suggesting it
forecloses pendent appellate jurisdiction in criminal cases, when "Abney does not
'completely bar[] pendent appellate review in criminal cases, but rather' rejects 'a
rule 'loosely allowing' such review.'"  Br. of United States, United States v.
Bergin, 2012 WL 371818, at *20 (3d Cir. filed Jan. 23, 2012) (quoting United
States v. Hsia, 176 F.3d 517, 528 (D.C. Cir. 1999) (Rogers, J., concurring)).  This
Court has exercised pendent appellate jurisdiction in criminal appeals in the past.
United States v. Maker, 751 F.2d 614, 626 (3d Cir. 1984).  In any event, the
Supreme Court has not suggested that pendent appellate review in a Speech or
Debate Clause appeal should be as limited as in double jeopardy appeals.

indictment." <u>United States v. Myers</u>, 635 F.2d 923, 936 (2d Cir. 1980). While rules of judicial efficiency do not permit such interlocutory appeals in all cases, there is an "an extremely small class of criminal case brought against Members of Congress," so "little would be lost in the way of judicial efficiency if pre-trial appeals by indicted Members of Congress were to include all legal defenses." <u>Id.</u> at 936 (agreeing to hear a pre-trial challenge that the indictment failed to state an offense under 18 U.S.C. § 201). Additionally, compelling reasons support allowing somewhat broader interlocutory appeals by sitting Members of Congress. "[T]he pendency of criminal charges against a Member of Congress and a trial of those charges implicate aspects of our representative form of government. The Members capacity to represent his constituents is inevitably impaired." <u>Id.</u>

Moreover, "the case for pretrial review of legal defenses is bolstered by the same concerns that underlie the Speech or Debate Clause." <u>Id.</u> Just as the Speech or Debate Clause is meant to shield Members of Congress from intimidation where the Clause would serve as a defense, "[t]he opportunity for intimidation by the prosecutors of the Executive Branch would be reduced by the knowledge that prosecutions encountering valid legal defenses will be promptly terminated by appellate courts before any trial has occurred." <u>Id.</u>; <u>but see</u> <u>United States v. Rosetnkowski</u>, 59 F.3d 1291, 1301 (D.C. Cir. 1995) (disagreeing with <u>Myers</u>).

The Supreme Court has clarified that the collateral order doctrine embraces more than just the claim of immunity that gives rise to the interlocutory appeal, but also includes claims based on the failure of a complaint to state a claim.  Ashcroft v. Iqbal, 556 U.S. 662, 672-3 (2009).  In Iqbal, the Supreme Court rejected an argument that an interlocutory appeal of a qualified immunity defense was limited to that defense, and that it "lacked jurisdiction to pass on the sufficiency of [the plaintiff's] pleadings."  Id. at 673.  The Supreme Court responded that its opinions "make clear that appellate jurisdiction is not so strictly confined."  Id. at 673.

Using the language of other recent cases, the Supreme Court explained that the question of whether a claim is sufficiently pled is "inextricably intertwined with" the immunity defense or that the immunity defense was "directly implicated by" the immunity defense.  Id.; see also Willkie v. Robbins, 551 U.S. 537, 549 n.4 (2007) ("directly implicated by"); Hartman v. Moore, 547 U.S. 250, 257 n.5 (2006) ("directly implicated by"); Swint v. Chambers County Comm'n, 514 U.S. 35, 51 (1995) ("inextricably intertwined with").  Thus, the Supreme Court rejected the plaintiff's argument that it could not determine "a qualified immunity defense

7

based solely on the complaint's failure to state a claim, and not on the ultimate issues relevant to the qualified immunity defense itself." Iqbal, 556 U.S. at 672.[5]

In other words, when the Court has jurisdiction to consider an immunity defense – as it has here under the Speech or Debate Clause and the separation of powers doctrine – it also can consider the sufficiency of the claim itself. For example, in Willkie, the Supreme Court declined to reach the defendants' claim that their conduct did not violate the plaintiff's clearly established constitutional rights because, assuming they had, the availability of other forms of redress persuaded the Court not to create a Bivens cause of action and, again assuming plaintiff's claims were true, there was no cause of action under RICO. 551 U.S. at 567; see Vance v. Rumsfeld, 701 F.3d 193, 198 (7th Cir. 2012) (en banc) ("The Supreme Court [in Willkie] ruled in defendants' favor – not because of immunity, but because it concluded it should not create a new Bivens remedy.").

---

[5]     Prior to these decisions, the scope of pendent appellate jurisdiction was uncertain. The Supreme Court had previously reserved the question of whether the doctrine even existed. Swint v. Chambers County Comm'n, 514 U.S. 35, 50 (1995). Swint held only that there is no pendent party appellate jurisdiction. Id. at 51; see United States v. Lopez-Lukis, 102 F.3d 1164, 1167 (11th Cir. 1997) (exercising pendent appellate jurisdiction in a criminal case, explaining "Swint does not bar jurisdiction in this case. That case dealt only with the use of pendent jurisdiction over a nonappealable issue involving parties different from those involved in the appealable issue.").

Following <u>Willkie</u>, the Seventh Circuit *en banc* and the D.C. Circuit have assumed that mistreatment of detainees by military personnel abroad violated the detainees' constitutional rights, statutory rights and treaty rights for purposes of qualified immunity analysis, but still concluded it had jurisdiction to reach the pendent issue and decide that a <u>Bivens</u> cause of action does not exist to remedy such violations. <u>Vance</u>, 701 F.3d at 197-98; <u>Doe v. Rumsfeld</u>, 683 F.3d 390, 393, 397 (D.C. Cir. 2012) ("Because we have determined that Doe may not bring a <u>Bivens</u> action against Secretary Rumsfeld, we need not consider Secretary Rumsfeld's qualified immunity defense to such an action."); <u>see also</u> <u>Levin v. Madigan</u>, 692 F.3d 607, 611 (7th Cir. 2012) (concluding Court of Appeals had jurisdiction to decide whether the Age Discrimination in Employment Act precludes a Section 1983 claim in an interlocutory appeal of a denial of qualified immunity). Likewise, the Second Circuit has used an interlocutory appeal of a qualified immunity defense to also examine whether a plaintiff had stated various causes of action. <u>Turkmen v. Hasty</u>, 789 F.3d 218, 251-252 (2d Cir. 2015) (affirming denial of qualified immunity for MDC defendants and then ruling on MDC defendants' denial of motions to dismiss numerous claims for failure to state a claim).

The issues that would adhere to and surround the core Speech or Debate issues in this appeal are more compelling and as easily addressed as in the cases

recognizing pendent jurisdiction in other areas of law. Given that this Court has jurisdiction to consider Senator Menendez's immunity under the Speech or Debate Clause and separation of powers doctrine, the Court also has the same power to consider his challenges to the Indictment for failure to state a claim as in the cases discussed above. <u>Compare</u> Fed. R. Civ. P. 12(b)(6) ("failure to state a claim") <u>with</u> Fed. R. Crim. P. 12(b)(3)(B)(v) ("failure to state an offense"). Accordingly, this Court has jurisdiction to decide whether the charges are precluded by the First Amendment, whether the bribery counts allege "official acts," whether the conspiracy charge fails to allege Defendants agreed to commit the same crime, whether the Travel Act charge fails to state an offense by depending on extraterritorial conduct, and whether a cause of action for honest services fraud has been pled. Briefing on these issues will also demonstrate the basis for their appeal now.

The resolution of these threshold, purely legal issues may very well allow the Court to dismiss the Indictment or, at the very least, several counts of the Indictment without having to address all of the constitutional issues that have been raised.[6] The Court's consideration of these issues is warranted based on the

_____

[6]     This Court's pre-<u>Hartman</u>, <u>Willkie</u> and <u>Iqbal</u> decision in <u>United States v. McDade</u>, 28 F.3d 283 (3d Cir. 1994), is not to the contrary. There, the Court held only that it did not have jurisdiction to strike overt acts that would not require the

inherent separation of powers concerns that exist when an Indictment obtained by

the Executive Branch is used to distract a sitting U.S. Senator from his duties.

Myers, 635 F.2d at 936; see also Rendall-Speranza v. Nassim, 107 F.3d 913, 917

(D.C. Cir. 1997) ("a threshold issue in the district court, is best dealt with at the

threshold of this interlocutory appeal") (avoiding deciding qualified immunity

interlocutory appeal by finding claim barred by threshold issue of statute of

limitations); Kilburn v. Socialist People's Libyan Arab Jamahiriya, 376 F.3d 1123,

1134 (D.C. Cir. 2004) (explaining the case for exercising pendent appellate

jurisdiction is strongest when it involves "'logically antecedent' or 'threshold'

issues").

---

dismissal of any charge and their inclusion "appear[ed] to have little significance."
Id. at 301.  In doing so, the Court did not address (and was not asked to address)
whether it had pendent appellate jurisdiction to do so.  The Court also declined to
consider "purely evidentiary questions."  Id. at 302 n.28.  Senator Menendez seeks
this Court's review of only purely legal questions, which would result in the
dismissal of whole counts.  See also McDade, 28 F.3d at 288 (explaining the Court
had jurisdiction to decide whether "the Speech or Debate Clause requires dismissal
or the entire indictment or particular charges contained in the indictment"); United
States v. Ginyard, 511 F.3d 203, 208 (D.C. Cir. 2008) (noting a Court of Appeals
consensus that an interlocutory appeal can be taken to dismiss only a single count
of an indictment, even if other counts are not challenged).

## III. ADDITIONAL WORDS ARE NEEDED TO PROPERLY ADVANCE THE NUMEROUS ISSUES ON APPEAL

Given the number of important issues on appeal, an opening brief of 30,000 words is appropriate.  Senator Menendez has no objection to the prosecution being afforded an appropriate, additional number of words for its opposition brief.

## CONCLUSION

The Court should grant Senator Menendez's motion for an opening brief not to exceed 30,000 words, and a reply brief of 15,000 words.

Dated:  October 28, 2015

Respectfully submitted,

/s/ Abbe David Lowell

Abbe David Lowell                                  Stephen M. Ryan
Christopher D. Man                               **McDERMOTT WILL & EMERY LLP**
Jenny R. Kramer                                     500 North Capitol Street, N.W.
Scott W. Coyle                                        Washington, D.C. 20001
**CHADBOURNE & PARKE LLP**          (202) 756-8000
1200 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 974-5600

Raymond M. Brown
**GREENBAUM ROWE SMITH & DAVIS LLP**
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095
(732) 476-3280

*Counsel for Appellant Senator Robert Menendez*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 28, 2015, the foregoing Motion was filed with the Clerk of the Court using the Court's CM/ECF system.  I further certify that counsel for all parties in this case are registered CM/ECF users and will be served by the appellate CM/ECF system.


  /s/ Christopher D. Man
Christopher D. Man

October 28, 2015

EXHIBIT B

No. 15-3459
_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

UNITED STATES,
Appellee

v.

ROBERT MENENDEZ,
Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
_____

**REPLY BRIEF OF SENATOR MENENDEZ FOR ADDITIONAL WORDS**
_____

Abbe David Lowell                         Stephen M. Ryan
Christopher D. Man                        **McDERMOTT WILL & EMERY LLP**
Jenny R. Kramer                           500 North Capitol Street, N.W.
Scott W. Coyle                            Washington, D.C. 20001
**CHADBOURNE & PARKE LLP**               (202) 756-8000
1200 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 974-5600


Raymond M. Brown
**GREENBAUM ROWE SMITH & DAVIS LLP**
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095
(732) 476-3280

*Counsel for Appellant Senator Robert Menendez*

The U.S. Department of Justice's ("DOJ's") opposition to Senator Menendez's motion simply fails to appreciate the distinction between the collateral order doctrine and the doctrine of pendent appellate jurisdiction. Even if correct, DOJ's extended discussion of the limited scope of the collateral order doctrine (Opp. at 4-7) is off point because even DOJ concedes there is a valid collateral order on appeal. DOJ acknowledges that Senator "Menendez has a right to an interlocutory appeal on the district court's order denying his motions predicated on the Speech or Debate Clause." (Opp. at 2.)[1]

---

[1] Senator Menendez also has a valid collateral order with respect to his separation of powers claims concerning the filing of his financial disclosure forms with the Senate (Count 22). He argues the Ethics in Government Act ("EIGA") is unconstitutional as applied to a Senator because the Senate alone has the constitutional authority to discipline its Members for ethical lapses. U.S. Const. art. I, § 5, cl. 2. He also argues EIGA raises separation of powers issues because, in the context of the Senate, it delegates responsibility for advising on disclosure requirements to the Senate Ethics Committee, which would require courts to construe Senate Rules and interpretations by the Senate Ethics Committee. DOJ does not contest that separation of powers claims like these are appealable as collateral orders, but instead argues that Senator Menendez is wrong on the merits because it believes the Senate Ethics Committee and its rules are irrelevant under EIGA. (Opp. at 7-8.) That argument is remarkably wrong, but the parties can address that in their merits briefs – it is not a basis for opposing jurisdiction. See, e.g., Senate Ethics Comm., Public Financial Disclosure Report For The United States Senate eFD Instructions at 1(2015) ("The Act [EIGA] gives the Senate Select Committee on Ethics the authority to administer the law for the Senate, promulgate the Senate Financial Disclosure Report Forms and Instructions, and issue advisory opinions regarding the Act for the Senate and related offices and Senate candidates.").

Given that the Court does have jurisdiction to review Speech or Debate Clause issues under the collateral order doctrine, "[t]he only question that remains for the lower courts is the scope of review."  Wright, Miller, et al., 15B F. Prac. & P. § 3918.5 (2d ed. 2015) (advocating for broad pendent appellate jurisdiction in Speech or Debate Clause cases).  An appeal of a collateral order brings up with it threshold issues relating to that order, such as subject matter jurisdiction and venue,[2] as well as other issues that are "inextricably intertwined with" or "directly implicated by" the collateral order.  Ashcroft v. Iqbal, 556 U.S. 662, 672-3 (2009).  When a defendant can pursue an interlocutory appeal of an immunity defense – as all sides recognize Senator Menendez can do here – the Supreme Court and the Courts of Appeals recognize that other arguments for a failure to state a claim can (and often should) be decided as well.  See, e.g., Iqbal, 556 U.S. at 672; Willkie v. Robbins, 551 U.S. 537, 567 (2007); Vance v. Rumsfeld, 701 F.3d 193, 198 (7th Cir. 2012) (en banc); Doe v. Rumsfeld, 683 F.3d 390, 393, 397 (D.C. Cir. 2012).

DOJ's opposition fails to address pendent appellate jurisdiction at all, assuming improperly that all issues must qualify as collateral orders.  That is a

---

[2]     Count 22 has no basis for venue in New Jersey.  The offense is filing disclosure forms, and EIGA requires that filing to occur in Washington, D.C. (where the indictment alleges it occurred).  Consequently, venue only exists in Washington, D.C. – as DOJ has implicitly acknowledged by never prosecuting a Member of Congress for EIGA violations outside of Washington, D.C., even when it has prosecuted Members elsewhere and believed the Member filed false EIGA forms.  This error is so clear that mandamus is appropriate.  (Mot. at 2-3 & n.3.)

surprising position given that both the government and defense attorneys will ask Courts of Appeals to exercise pendent appellate jurisdiction from time to time and, as Senator Menendez noted, DOJ recently asked this Court to exercise pendent appellate jurisdiction in a criminal case. (Mot. at 5 n.4 (citing Br. of United States, United States v. Bergin, 2012 WL 371818, at *20 (3d Cir. filed Jan. 23, 2012).) It also ignores the fact that most of the arguments against taking a collateral appeal concern judicial efficiency, and judicial efficiency is often promoted by the Court addressing pendent issues when it already has to decide an interlocutory appeal. Additionally, given the inherent separation of powers issues that arise when the Executive Branch prosecutes a Member of the Legislative Branch, the Court is all the more justified in exercising pendent appellate jurisdiction. United States v. Myers, 635 F.2d 923, 936 (2d Cir. 1980); Wright, Miller, et al., supra, § 3918.5.

That is all Senator Menendez is seeking to do here. He has properly secured the Court's jurisdiction through collateral orders on Speech or Debate Clause and separation of powers grounds, and he asks the Court to take pendent jurisdiction over other motions to dismiss for failure to state an offense.[3] The Court should grant the parties additional words so that those issues may be briefed, and so that the Court may then decide whether to exercise pendent appellate jurisdiction. It is

---

[3] That does not include every motion to dismiss that he filed. Senator Menendez's motions challenging DOJ's serious misconduct before the grand jury, for example, would not challenge the failure of the indictment to state an offense.

3

premature for DOJ to seek to limit the issues the Court may consider under the doctrine of pendent appellate jurisdiction, particularly when DOJ fails to address pendent appellate jurisdiction at all and when briefing will confirm the existence of jurisdiction for these issues.

Dated:  November 2, 2015

Respectfully submitted,

/s/ Abbe David Lowell
Abbe David Lowell
Christopher D. Man
Jenny R. Kramer
Scott W. Coyle
**CHADBOURNE & PARKE LLP**
1200 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 974-5600

Stephen M. Ryan
**MᴄDERMOTT WILL & EMERY LLP**
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Raymond M. Brown
**GREENBAUM ROWE SMITH & DAVIS LLP**
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095
(732) 476-3280

*Counsel for Appellant Senator Robert Menendez*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on November 2, 2015, the foregoing Motion was filed with the Clerk of the Court using the Court's CM/ECF system.  I further certify that counsel for all parties in this case are registered CM/ECF users and will be served by the appellate CM/ECF system.


 /s/ Christopher D. Man
Christopher D. Man

November 2, 2015

EXHIBIT C

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

November 24, 2015
BCO-020-E

No. <u>15-3459</u>
UNITED STATES OF AMERICA

v.

ROBERT MENENDEZ,
Appellant

(D.N.J. No. 2-15-cr-00155-001)

Present: KRAUSE and SCIRICA, <u>Circuit Judges</u>

1. Motion by Appellant to Exceed the Word Limitation for Brief and Reply Brief;

2. Motion by Appellee to Dismiss Appeal for Lack of Jurisdiction and Response In Opposition to Motion to Exceed the Word Limitation;

3. Reply by Appellant to Response in Opposition to Motion to Exceed the Word Limitation;

4. Motion by Appellee to Expedite and Requests this Matter be scheduled for Oral Argument at the Earliest Possible Time with Proposed Briefing Schedule;

    Appellant's brief due on or before four weeks from date the Court rules on motion to dismiss;

    Appellees brief due three weeks after;

    Reply brief due two weeks after.

5. Response by Appellant in Opposition to Appellee's Motion to Expedite.

Respectfully,

(Page 2 Continued)

Clerk/pdb

_____ORDER_____

     The foregoing motion by the Government to dismiss, which is construed as a motion to limit the scope of the appeal, is granted in part.  The scope of this appeal is limited to the following issues:

    (1)      Appellant's Speech and Debate Clause claims;
    (2)      Appellant's separation of powers claims; and
    (3)      Appellant's request for a petition for a writ of mandamus concerning venue.

The Court declines to exercise pendent appellate jurisdiction over additional issues raised by Appellant.  See Abney v. United States, 431 U.S. 651, 663 (1977); United States v. McDade, 28 F.3d 283, 288 (3d Cir. 1994).  The parties' briefs must be limited accordingly.  In addition to any other aspects of these issues that the parties may choose to discuss, they should address this Court's appellate jurisdiction over each of the three issues on appeal.

     In light of the limited scope of this appeal, Appellant's motion to exceed the word limitation for the opening brief is denied.  Appellant's motion to exceed the word limitation for the reply brief is denied as premature, without prejudice to re-filing at an appropriate time.  The parties' attention is directed to the Court's Standing Order of January 9, 2012, which provides that motions to exceed the word limitations are strongly disfavored and will be granted only upon demonstration of extraordinary circumstances.

     The Government's motion to expedite briefing of the appeal is granted.  Appellant's opening brief of no more than 14,000 words must be filed and served within thirty (30) days from the date of this order.  The Government's brief must be filed and served within twenty-one (21) days of service of Appellant's brief.  A reply brief, if any, must be filed and served within fourteen (14) days of service of the Government's brief.  When briefing is complete, the matter will be assigned to the first available merits panel.

By the Court,

s/ Cheryl Ann Krause
Circuit Judge

Dated: December 11, 2015
PDB/cc: All Counsel of Record

## CERTIFICATION OF COMPLIANCE AND SERVICE

I hereby certify that this filing complies with typeface, type style and length limits of Federal Rule of Appellate Procedure 27(d). The filing contains 917 countable words and was prepared using Microsoft Word for Microsoft 365 MSO's 14-point proportionally spaced Calisto MT typeface.

I further certify that this filing was prepared on a computer automatically protected by an updated version of Trellix Endpoint Security and no virus was detected.

I further certify that I caused a copy of this motion to be served, by the Notice of Docketing Activity generated by the Third Circuit's electronic filing system, on all counsel of record to the parties in this case.

Mark E. Coyne
Supervisory Assistant U.S. Attorney
Chief, Appeals Division

Dated: February 26, 2026